**Benjamin I. DAVIS and Mollie M. (Myrtle S.) Davis, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 73-1477.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1973.

Decided Feb. 6, 1974.

---

Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown, Jonathan S. Cohen, William S. Estabrook, III, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief, for appellant.

W. Stuart McCloy, Sr., Memphis, Tenn., on brief, for appellees; McCloy, Dudley, Yawn & McCloy, Memphis, Tenn., of counsel; P. K. Seidman, Seidman & Seidman, Memphis, Tenn., of counsel, before Tax Court.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The Commissioner of Internal Revenue appeals from the decision of the Tax Court, T.C.Memo. 1972–235. In an opinion announced by Judge Dawson, the Tax Court decided the case in favor of the taxpayers.

■ The sole question is whether the sale of a patent application which is not allowed by the Patent Office until ten months after the sale is the sale of "property of a character which is subject to the allowance for depreciation" within the meaning of § 1239(b) of the Internal Revenue Code. If so, the proceeds of the sale are taxable as ordinary income. If not, they are taxable as capital gains.

The Tax Court held that the patent application was not depreciable property or property subject to the allowance of depreciation and that the proceeds of the sale were entitled to capital gains treatment. We affirm, in conformity with Estate of Stahl v. Commissioner, 442 F. 2d 324 (7th Cir. 1971), aff'g, 52 T.C. 591, and Lan Jen Chu v. Commissioner, 486 F.2d 696 (1st Cir. 1973), aff'g, 58 T.C. 598.

On April 22, 1965, taxpayer Davis acquired all of the inventor's interest in an apparatus for skinning sausages. On March 4, 1966, Davis entered into an agreement selling all his rights, title and interest in the invention to a corporation controlled by him and his family for a total consideration of $2,250,000.00. On September 19, 1966, the inventor executed an application for letters patent in the invention. This application was filed in the Patent Office, along with the assignment of rights to Davis, on September 29, 1966. A notice of allowance was sent on January 27, 1967. The patent was issued on April 11, 1967. Reference is made to the decision of the Tax Court for a more complete recitation of the facts.

■ In *Stahl* the court held that patent applications for which a notice of allowance has been received have sufficiently matured so as to be property subject to depreciation and taxable as ordinary income. We agree that this is the correct standard under the statute.

The Commissioner argues that despite the fact that notice of allowance of the patent was not sent until some ten months after the sale of the application, the application was sufficiently matured to warrant treatment as a patent. It is asserted that the legislative intent behind § 1239 was to prevent situations in which a taxpayer sells appreciated property at current market price to his controlled corporation and thus, while keeping control over the property, reaps the benefits of both capital gains treatment for himself and depreciation deductions against ordinary income in his controlled corporation. Unquestionably this was done in the present case. This points up another tax loophole in the Internal Revenue Code. It is our view that only the Congress can plug that loophole.

Affirmed.